NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FRANK E., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, C.E., *Appellee*s.

No. 1 CA-JV 21-0050
FILED 7-8-2021

Appeal from the Superior Court in Maricopa County
No.  JD 37024
The Honorable Lori H. Bustamante, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Phoenix
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Eric Devany
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1        Frank E. ("Father") appeals the juvenile court's order terminating his parental rights to his daughter, C.E., born in 2015.  Because reasonable evidence supports termination, we affirm.

¶2        Father and Angelica P. ("Mother") are the biological parents of C.E.  Mother is not a party to this appeal.  In February 2019, the Department of Child Safety ("DCS") petitioned for  dependency, alleging Father was unwilling or unable to provide proper and effective parental control over C.E.  DCS also alleged Father was not involved in C.E.'s life and failed to provide for her.  In June, Father failed to appear at the dependency hearing, and the court granted the petition.  The court ordered services and approved the case plan of family reunification.  Father was referred for parent aide services, but they were closed out when Father did not participate.  Father received a second referral and in July 2020 successfully completed parent services.

¶3        Around the same time, however, DCS discovered Father had multiple convictions for drug-related offenses.  Most recently in 2015, the year C.E. was born, Father pled guilty to attempted possession and conspiracy to possess methamphetamine for sale and spent three years in prison.  DCS thus requested that Father submit to a urinalysis and hair follicle drug test.  In August 2020, Father tested positive for cocaine, THC, codeine, opiates, fentanyl, and benzoylecgonine.  He was then referred to parent aide services for the third time, and was told he needed to continue with drug testing as well as attend drug counseling.  Between August and December of 2020, Father tested positive for fentanyl over 35 times.  In October 2020, DCS moved to terminate Father's parental rights based on fifteen months' time-in-care.

¶4        As of the January 2021 termination hearing, Father was still working on his third parent aide referral and participating in drug counseling.  Initially he attended standard outpatient treatment, but it was escalated to intensive outpatient treatment when he continued to test positive for fentanyl.  Father testified he participated in sessions and was

on track with the program; however, he admitted using fentanyl as recently as the week before the hearing. After the juvenile court granted DCS's motion for termination, Father timely appealed, challenging only the statutory ground for termination.

¶5 To terminate parental rights, a court must find by clear and convincing evidence one of the statutory grounds articulated in A.R.S. § 8–533(B). *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). We will affirm an order terminating parental rights if supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009). As the trier of fact, "[t]he juvenile court is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 13 (App. 2011).

¶6 When seeking termination based on out-of-home placement for a cumulative period of fifteen months or longer, DCS must prove (1) it made diligent efforts to provide appropriate reunification services, (2) the child was in an out-of-home placement for at least fifteen months, (3) Father was unable to remedy the circumstances that caused C.E. to be in such placement, and (4) a substantial likelihood existed that Father would not be capable of exercising proper and effective parental care and control in the near future. A.R.S. § 8-533(B)(8)(c).

¶7 Father challenges only the fourth element, asserting there is no evidence his ongoing fentanyl use makes him unable to exercise proper and effective parental care. The juvenile court found that Father "is not capable of parenting at this time and is unable to parent in the near future" because "he continues to use illegal substances that impair his ability to safely parent the child," and fails to recognize how his drug use endangers C.E.

¶8 The record supports these findings. As of the termination hearing, C.E. had been in an out-of-home placement for nearly two years, and Father had repeatedly tested positive for fentanyl, including just two days before the termination hearing. Father essentially asks us to reweigh the evidence, which we will not do. *See Jordan C.*, 223 Ariz. at 93, ¶ 18. Given Father's inability to address his drug problem, the court did not err

in finding he would not be able to exercise proper and effective parental care of C.E. in the near future.  *See* A.R.S. § 8–533(B)(8)(c).  We affirm the juvenile court's order terminating Father's parental rights.

